UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-22938-Civ-COOKE/TORRES

MICHAEL ROBERTSON, *et al.*,

    Plaintiffs,

v.

MIAMI DADE COUNTY, *et al.*,

    Defendants.

_____/

### ORDER GRANTING MOTION TO REMAND TO STATE COURT

BEFORE ME is Plaintiffs' Motion to Remand Action to State Court, ECF No. 20, filed on December 5, 2013. I have considered the motion and the pertinent portions of the record and for the reasons stated below Plaintiffs' Motion to Remand is **GRANTED**.

"As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (quoting *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006)). On August 15, 2013, Plaintiffs filed their initial Complaint, ECF No. 1, which contained both state and federal claims, giving this Court subject matter jurisdiction over this action. On December 5, 2013, Plaintiffs amended their complaint, dropping all federal claims. Plaintiffs' Amended Complaint, ECF No. 19, which is the operative complaint, essentially divested this Court of original jurisdiction.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Federal courts are presumed to lack jurisdiction until a party demonstrates that a court has subject matter jurisdiction. *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. Plaintiffs' initial Complaint alleged federal claims arising under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Pl.'s Compl., ECF No. 1. Thus, Plaintiff's initial Complaint gave this Court federal question jurisdiction pursuant to 28 U.S.C. § 1331.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In the initial Complaint, Plaintiffs' assault and battery, false arrest, false imprisonment and malicious prosecution claims all arise under Florida law. Plaintiffs' state and federal claims arose from a common nucleus of operative fact, satisfying the same case or controversy requirement. *See Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Thus, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims filed in the Original Complaint.

However, the statute authorizing supplemental jurisdiction specifies a district court *"may decline* to exercise supplemental jurisdiction over a claim if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (emphasis added). A federal court "should decline to exercise its jurisdiction" when a case properly belongs in state court, such as when "federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain." *Carnegie–Mellon Univ. v. Cohill,*

484 U.S. 343, 350 (1988) (footnote omitted). Since only state law claims remain in the Amended Complaint and the lawsuit is in its pre-trial stage, the Court declines to exercise supplemental jurisdiction over the state law claim.

Accordingly, it is **ORDERED and ADJUDGED** that this case shall be **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 10th day of July 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of record*